IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LINDA GADAV, individually, and on behalf of
her daughter, NINA FLEISHER

    Plaintiffs

vs.

BOCA RATON HOUSING AUTHORITY

    Defendants
_____/

## **COMPLAINT**

COMES NOW, Plaintiff, LINDA GADAV, individually, and on behalf of her daughter, NINA FLEISHER, by and through undersigned counsel and sues the Defendant, BOCA RATON HOUSING AUTHORITY, and states as follows:

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 for plaintiff's claims arising under the Fair Housing Act ("FHA"),42 U.S.C. §§ 3604, et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Declaratory Judgment Act, 28 U.S.C. §2201.

2. Venue is proper in the Southern District of Florida, under 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

3. The Plaintiff, LINDA GADAV, is a resident of Palm Beach County Florida, and is otherwise *sui juris*.

4. The Defendant, BOCA RATON HOUSING AUTHORITY (hereinafter

"BRHA") is a duly authorized public body corporate and politic, as defined by Section 421.01, et seq. Florida Statutes, and doing business in Palm Beach County Florida.

5. LINDA GADAV is a qualified person with a disability by virtue of her mobility impairment, and is therefore a qualified person with a disability pursuant to the definitions of disability under the Americans with Disabilities Act of 1990, the Fair Housing Amendments Act of 1988 and the Rehabilitation Act of 1973.

6. LINDA GADAV is also the legal guardian of her adult child, NINA FLEISHER, who has various disabilities which qualify her as a person with a disability pursuant to the definitions of disability under the Americans with Disabilities Act of 1990, the Fair Housing Amendments Act of 1988 and the Rehabilitation Act of 1973.

7. BRHA is a public housing authority that administers the Section 8 Housing Choice Voucher Program for the City of Boca Raton. The Section 8 Housing Choice Voucher Program increases affordable housing choices for very low-income households by allowing families to choose privately owned rental housing.

8. Through the Section 8 Housing Choice Voucher Program, BRHA issues a voucher to an income-qualified household, which then finds a unit to rent. If the unit meets the Section 8 quality standards, BRHA then pays the landlord the amount equal to the difference between 30 percent of the tenant's adjusted income and BRHA-determined payment standard for the area.

9. LINDA GADAV and her daughter NINA FLEISHER comprise an income-qualified household that would be qualified to participate and receive Section 8 Housing Choice Vouchers.

**FACTS**

10. On March 5, 2008, BRHA issued a Public Notice stating that it would give out 600 applications for Section 8 Housing Choice Vouchers beginning on Wednesday, March 12, 2008, beginning at 9:00 am at its offices in Boca Raton, Florida.

11. The notice published by BRHA stated that the completed applications will be placed on the waiting list according to the time and date received. The instructions further stated that BRHA would start receiving applications on Thursday March 13, 2008 beginning at 9:00 am, and will only accept the first 200. The notice did not contain any special provisions for persons with disabilities.

12. On March 7, 2008, BRHA published a public notice in the Boca Raton news with the same information, with the exception of changing the date that the applications would be distributed to March 11, 2008.

13. On March 11, 2008, Plaintiff LINDA GADAV went to the offices of BHRA to request an accommodation in the application process. At that time, she requested to speak to the director, Judith Aigen.

14. GADAV advised Aigen that she was disabled with degenerative joint disease and spinal stenosis cannot stand in line. She requested to be given an application at that time, and was refused the accommodation, instead she was told to return at 9:00 AM the following morning to get an application for a Section 8 Housing Voucher.

15. LINDA GADAV arrived at BRHA at 4:00 AM in the morning and saw at least one thousand people at BRHA. She was told by a Boca Raton police officer to leave or she would get hurt.

16. However, LINDA GADAV returned at 8:45 when Judith Aigen advised the

masses and advised that all of the persons with disabilities should form a line.

17. Upon information and belief, BRHA allots at least 75 Section 8 Housing Choice Vouchers to persons with disabilities, and the separate line for persons with disabilities was to ensure that qualified persons with disabilities would be able to obtain applications and apply for the allotted Section 8 Housing Choice Voucher for persons with disabilities.

18. At that time, the entire crowd surged forward and a riot ensued. See. http://youtube.com/watch?v=iZfhDyqn7Jk. As such, it was impossible for any person with a mobility impairment to have an opportunity to obtain a voucher.

19. LINDA GADAV was again advised by the police to go home so she would not be injured.

20. LINDA GADAV returned to BRHA the following day and requested an application and was told that there was none left.

21. LINDA GADAV filed a housing discrimination complaint with the Palm Beach Office of Equal Opportunity on October 3, 2008, claiming that she and her daughter were discriminated within the meaning of the local, state and federal fair housing laws and the Section 504 of the Rehabilitation Act due to the failure to grant her a reasonable accommodation in the provision of Section 8 Housing Choice Vouchers.

22. On May 19, 2009, the Palm Beach Office of Equal Opportunity issued a cause finding of reasonable grounds finding that there were reasonable grounds to find that BRHA discriminated against the Plaintiff.

23. To date, BRHA has failed to implement policies and procedures that explain how a person with a disability can request a reasonable accommodation, how such accommodation will be processed, and ones options if the request is denied, including use of a grievance

procedure if an ADA request is denied.

24. Upon information and belief, BRHA has a preference for persons with disabilities with regards to the priority on the waiting list for Section 8 Housing Choice Voucher applications, and has Section 8 Housing Vouchers specifically allotted to persons with disabilities.

25. Upon information and belief, BRHA had prior knowledge of the failure to implement a procedure in which accommodations would be given to persons with disabilities.

26. Upon information and belief, BRHA has failed to provide reasonable accommodations in the past to persons with disabilities and has therefore denied the ability to apply for housing for persons with mobility impairments.

27. BRHA's actions described above constitute a pattern, practice, and policy of housing discrimination on the basis of disability. In engaging in such activities, Defendants have acted intentionally or recklessly violated Plaintiffs' civil rights and damaged the rights and feelings of the Plaintiffs.

28. But for BRHA failure to grant GADAV an accommodation, she would have received an application for a Section 8 Housing Voucher, and upon information and belief, would have received a Section 8 Housing Choice Voucher.

29. As a result of Defendants' actions described above, Plaintiffs suffer and continue to suffer irreparable loss and injury including, but not limited to humiliation, embarrassment, emotional distress, and deprivation of their right to equal housing opportunities regardless of their disabilities. The Plaintiffs have been forced to spend their scant monthly resources on rent, instead of food or medicine, and are constantly on the verge of homelessness.

30. Any other conditions precedent to the filing of this action has been satisfied, or

has been waived.

31. The Plaintiffs have retained the Law Offices of Matthew W. Dietz and the Legal Aid Society of Palm Beach County, Inc., and have agreed to pay them a reasonable fee for their services.

### **COUNT I - Section 504 of the Rehabilitation Act**

32. The Plaintiff LINDA GADAV, individually, and on behalf of her daughter, NINA FLEISHER, realleges the allegations in paragraphs one through 31.

33. Section 504 requires that recipients of federal financial assistance operate their program in a manner that ensures that they are readily accessible to and useable by persons with disabilities.

34. Public Housing Authorities, such as BRHA must modify policies, rules, and procedures in order to accommodate persons with disabilities so that such individuals can make effective use of the housing program.

35. As a qualified individual with a disability, LINDA GADAV was the opportunity to participate in, or benefit from, the housing, aid, benefit, or service due to the failure of BRHA to grant a reasonable accommodation.

36. BRHA failed to afford LINDA GADAV the opportunity for equal participation and benefit because of their failure to grant a reasonable accommodation because of her disability.

37. BRHA failed to provide LINDA GADAV a reasonable accommodation that would afford her the same opportunity to access the programs and services of BRHA to benefit as afforded to others due to the failure to grant accommodations to persons with disabilities.

38. To date, BRHA has failed to implement policies and procedures that explain how a person with a disability can request a reasonable accommodation, how such accommodation will be processed, and ones options if the request is denied, including use of a grievance procedure if an ADA request is denied.

39. Upon information and belief, BRHA has at least 75 Section 8 Housing Choice Vouchers set-aside for persons with disabilities.

40. Upon information and belief, BRHA has a preference for persons with disabilities with regards to the priority on the waiting list for Section 8 Housing Choice Voucher applications.

41. Upon information and belief, BRHA had prior knowledge of the failure to implement a procedure in which accommodations would be given to persons with disabilities.

42. Upon information and belief, BRHA has failed to provide reasonable accommodations in the past to persons with disabilities and has therefore denied the ability to apply for housing for persons with mobility impairments.

43. BRHA's actions described above constitute a pattern, practice, and policy of housing discrimination on the basis of disability. In engaging in such activities, Defendants have acted intentionally or recklessly violated Plaintiffs' civil rights and damaged the rights and feelings of the Plaintiffs.

44. But for BRHA failure to grant GADAV an accommodation, she would have received an application for a Section 8 Housing Choice Voucher, and upon information and belief, would have received a Section 8 Housing Choice Voucher.

45. As a result of Defendants' actions described above, Plaintiffs suffer and continue to suffer irreparable loss and injury including, but not limited to humiliation, embarrassment,

emotional distress, and deprivation of their right to equal housing opportunities regardless of their disabilities. The Plaintiffs have been forced to spend their scant monthly resources on rent, instead of food or medicine, and are constantly on the verge of homelessness.

WHEREFORE, Plaintiffs, LINDA GADAV, individually, and on behalf of her daughter, NINA FLEISHER, demand judgment against Defendants, BOCA RATON HOUSING AUTHORITY as follows:

a) that the Boca Raton Housing Authority implement policies and procedures to allow reasonable accommodations to be provided to Plaintiffs, including policies regarding notice to persons with disabilities, policies to grant or deny accommodation, and a grievance procedure for denial of accommodations;

b) that the Boca Raton Housing Authority provide Plaintiffs with a Section 8 Housing Choice Voucher;

c) that the Boca Raton Housing Authority pay the past value of the Section 8 Housing Choice Voucher denied, and the present value of a Section 8 Housing Choice Voucher;

d) that the Boca Raton Housing Authority pay the Plaintiffs for non-economic damages including, but not limited to the emotional pain and suffering caused by forgoing food, medicine and other necessary expenses in order to afford a roof over their heads;

e) that the Boca Raton Housing Authority pay the Plaintiffs' reasonable attorneys fees and costs for prosecuting this matter.

f) Any such further relief as this court deems just and equitable.

## COUNT II – Florida and Federal Fair Housing Act and Chapter 15 of the Palm Beach County Ordinances

46. The Plaintiff LINDA GADAV, individually, and on behalf of her daughter, NINA FLEISHER, realleges the allegations in paragraphs one through 31.

47. The Fair Housing Act, 42 U.S.C. § 3601, et seq., the Florida Fair Housing Act, § 760.20, et seq, and the Chapter 15 of the Palm Beach County Code are interpreted in *pari materia*. All make it unlawful to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling.

48. A "reasonable accommodation" is a change, exception, or adjustment to a rule, policy, practice, or service that may be necessary for a person with a disability to have an equal opportunity to use and enjoy a dwelling, including public and common use spaces. Since rules, policies, practices, and services may have a different effect on persons with disabilities than they have on individuals without disabilities, treating persons with disabilities exactly the same as others will sometimes deny them an equal opportunity to use and enjoy a dwelling.

49. Applicants with disabilities, such as the Plaintiffs, need accommodations to enable them to participate in the application process. A failure to permit an accommodation in the application process is tantamount to a denial of a voucher and a housing opportunity.

50. To date, BRHA has failed to implement policies and procedures that explain how a person with a disability can request a reasonable accommodation, how such accommodation will be processed, and ones options if the request is denied, including use of a grievance procedure if an ADA request is denied.

51. Upon information and belief, BRHA has at least 75 Section 8 Housing Choice Vouchers set-aside for persons with disabilities.

52. Upon information and belief, BRHA has a preference for persons with disabilities with regards to the priority on the waiting list for Section 8 Housing Choice Voucher applications.

53. Upon information and belief, BRHA had prior knowledge of the failure to implement a procedure in which accommodations would be given to persons with disabilities.

54. Upon information and belief, BRHA has failed to provide reasonable accommodations in the past to persons with disabilities and has therefore denied the ability to apply for housing for persons with mobility impairments.

55. BRHA's actions described above constitute a pattern, practice, and policy of housing discrimination on the basis of disability. In engaging in such activities, Defendants have acted intentionally or recklessly violated Plaintiffs' civil rights and damaged the rights and feelings of the Plaintiffs.

56. But for BRHA failure to grant GADAV an accommodation, she would have received an application for a Section 8 Housing Choice Voucher, and upon information and belief, would have received a Section 8 Housing Choice Voucher.

57. As a result of Defendants' actions described above, Plaintiffs suffer and continue to suffer irreparable loss and injury including, but not limited to humiliation, embarrassment, emotional distress, and deprivation of their right to equal housing opportunities regardless of their disabilities. The Plaintiffs have been forced to spend their scant monthly resources on rent, instead of food or medicine, and are constantly on the verge of homelessness.

WHEREFORE, Plaintiffs, LINDA GADAV, individually, and on behalf of her daughter, NINA FLEISHER, demand judgment against Defendants, BOCA RATON HOUSING AUTHORITY as follows:

a) that the Boca Raton Housing Authority implement policies and procedures to allow reasonable accommodations to be provided to Plaintiffs, including policies regarding notice to persons with disabilities, policies to grant or deny accommodation, and a grievance procedure for denial of accommodations;

b) that the Boca Raton Housing Authority provide Plaintiffs with a Section 8 Housing Choice Voucher;

c) that the Boca Raton Housing Authority pay the past value of the Section 8 Housing Choice Voucher denied, and the present value of a Section 8 Housing Choice Voucher;

d) that the Boca Raton Housing Authority pay the Plaintiffs for non-economic damages including, but not limited to the emotional pain and suffering caused by forgoing food, medicine and other necessary expenses in order to afford a roof over their heads;

e) that the Boca Raton Housing Authority pay the Plaintiffs' reasonable attorneys fees and costs for prosecuting this matter.

f) Any such further relief as this court deems just and equitable.

### COUNT III – Title II of the Americans with Disabilities Act

58. The Plaintiff LINDA GADAV, individually, and on behalf of her daughter, NINA FLEISHER, realleges the allegations in paragraphs one through 31.

59. Plaintiffs are mobility impaired and are qualified individuals with a disability as defined in 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104.

60. BRHA is a public entity and is an instrumentality of a state or local government as defined in 42 U.S.C. § 12131(1) and 28 C.F.R. § 35.104.

61. The Americans with Disabilities Act, 42 U.S.C. § 12132, and its implementing regulations at 28 C.F.R. § 35.130, require that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, or activities of a public entity or be subjected to discrimination by any public entity.

62. The ADA and its implementing regulations at 28 C.F.R. § 35.150 require a public entity to make its services, programs, or activities "readily accessible" to and useable by individuals with disabilities.

63. BRHA violated the ADA by discriminating against Plaintiffs by failing to provide reasonable accommodations to persons with mobility impairments which make them unable to stand in line, so they may apply and receive Section 8 Housing Choice Vouchers in the same or similar manner as non-disabled persons.

64. BRHA's actions described above constitute a pattern, practice, and policy of housing discrimination on the basis of disability.  In engaging in such activities, Defendants have acted intentionally or recklessly violated Plaintiffs' civil rights and damaged the rights and feelings of the Plaintiffs.

65. But for BRHA failure to grant GADAV an accommodation, she would have received an application for a Section 8 Housing Choice Voucher, and upon information and belief, would have received a Section 8 Housing Choice Voucher.

66. As a result of Defendants' actions described above, Plaintiffs suffer and continue to suffer irreparable loss and injury including, but not limited to humiliation, embarrassment, emotional distress, and deprivation of their right to equal housing opportunities regardless of their disabilities.  The Plaintiffs have been forced to spend their scant monthly resources on rent, instead of food or medicine, and are constantly on the verge of homelessness.

WHEREFORE, Plaintiffs, LINDA GADAV, individually, and on behalf of her daughter, NINA FLEISHER, demand judgment against Defendants, BOCA RATON HOUSING AUTHORITY as follows:

g) that the Boca Raton Housing Authority implement policies and procedures to allow reasonable accommodations to be provided to Plaintiffs, including policies regarding notice to persons with disabilities, policies to grant or deny accommodation, and a grievance procedure for denial of accommodations;

h) that the Boca Raton Housing Authority provide Plaintiffs with a Section 8 Housing Choice Voucher;

i) that the Boca Raton Housing Authority pay the past value of the Section 8 Housing Choice Voucher denied, and the present value of a Section 8 Housing Choice Voucher;

j) that the Boca Raton Housing Authority pay the Plaintiffs for non-economic damages including, but not limited to the emotional pain and suffering caused by forgoing food, medicine and other necessary expenses in order to afford a roof over their heads;

k) that the Boca Raton Housing Authority pay the Plaintiffs' reasonable attorneys fees and costs for prosecuting this matter.

l) Any such further relief as this court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all issues so triable.

Dated on this 4th day of January, 2010.

        LAW OFFICES OF MATTHEW W. DIETZ, P.L.
        Attorneys for Plaintiffs

        2990 SW 35th Avenue
        Miami, Florida 33133
        Tel: (305) 669-2822
        Fax: (305) 442-4181
        E-mail:  Matthewdietz@usdisabilitylaw.com


        BY: s/ Matthew W. Dietz
            Matthew W. Dietz, Esq.
            Fla. Bar No.: 84905



        Latrice Dean, Esq.
        Florida Bar No.: 25876
        Legal Aid Society of Palm Beach County, Inc.
        Legal Aid Society of Palm Beach County
        423 Fern Street, Suite 200
        West Palm Beach, Florida 33401
        Tel: (561) 655-8944
        Fax: (561) 655-5269